## UNITED STATES BANKRUPTCY COURT
### Eastern District of Virginia
### Richmond Division

In re:

Sharon Lynn Bowman,                                    Case No. 17-33318-KLP
                                                       Chapter 7
      Debtor.

## MEMORANDUM OPINION

Roy M. Terry, Jr., the Chapter 7 trustee (the "Trustee"), has objected to the exemption claimed by the debtor, Sharon Lynn Bowman (the "Debtor"), in the cash value of her life insurance policy. The Debtor bases her claim that the policy is exempt on Va. Code Ann. § 38.2-3122(F), which protects the cash value of a life insurance policy against creditor claims "regardless of whether (i) the right to change the beneficiary thereof is reserved or permitted . . . ." However, because the policy includes a provision reserving the Debtor's right to change the beneficiary, the Trustee argues that another statute, Va. Code Ann. § 38.2-3123, is applicable. Va. Code Ann. § 38.2-3123 provides that if a life insurance policy contains terms reserving the right to change the beneficiary, its cash surrender value is not protected by § 38.2-3122. Having determined that the two statutes cannot reasonably be harmonized, the Court will overrule the Trustee's objection and allow the Debtor's exemption.

### Background

The facts are not in dispute. The Debtor filed a voluntary chapter 7 petition in this Court on June 29, 2017. On Schedule B, the Debtor listed a

Transamerica Variable Annuity Life Insurance policy (the "Policy") with a surrender or refund value of $11,289.96. The Policy designates the Debtor as owner and annuitant. It lists Howard M. Bowman, III, and Tabatha L. Gray as beneficiaries; however, neither of them is designated as an "Irrevocable Beneficiary." The Debtor has claimed the full cash or refund value of the Policy as exempt on Schedule C pursuant to Va. Code Ann. § 38.2-3122.[1]

On October 4, 2017, the Trustee filed the objection currently before this Court. The Trustee asserts that the cash value of the Policy is not entitled to the protection afforded by § 38.2-3122 because the Policy includes a provision reserving the Debtor's right to change the beneficiary. He claims that the liquidation of the Policy's cash surrender value would provide a dividend to creditors.

The Debtor argues in response that Va. Code Ann. § 38.2-3123, the provision relied upon by the Trustee to disallow the exemption, was effectively repealed by a revision to § 38.2-3122. Therefore, the Debtor argues that the entire cash surrender value of the Policy is exempt.

---

[1] A debtor may claim certain estate property as exempt from the estate. 11 U.S.C. § 522(b). If a state chooses to opt out of the federal exemption scheme detailed in 11 U.S.C. § 522(d), "any property that is exempt under ... State or local law" is excluded from the estate. 11 U.S.C. § 522(b)(3)(A). Because Virginia has opted out of the federal exemption scheme, *see* Va. Code Ann. § 34–3.1, the Debtor claimed her exemptions in compliance with Virginia law, thus making Va. Code Ann. § 38.2-3122 applicable and raising the issue of the effect of Va. Code Ann. § 38.2-3123. *See In re Nguyen*, 211 F.3d 105, 107 (4th Cir. 2000).

**Discussion**

Va. Code Ann § 38.2-3122 generally protects the proceeds of life insurance policies and annuity contracts from creditor claims. Subsection A defines "protected insurance item" to include "[t]he cash surrender value" and "proceeds" of a life insurance policy or annuity.[2] Subsection B states that "[i]n

---

[2] The full text of Va. Code Ann. § 38.2-3122 is as follows:

    A. As used in this section, "protected insurance item" means, with respect to a policy of life insurance or annuity issued or issued for delivery in the Commonwealth:
        1. The cash surrender value of any such policy;
        2. The proceeds of any such policy;
        3. The withdrawal value of any optional settlement or deposit with any company made pursuant to the terms of such policy; or
        4. All other benefits, indemnities, payments, and privileges of every kind from any such policy.
    B. In no case whatsoever shall any protected insurance item be liable to execution, attachment, garnishment, or other legal process in favor of any creditor of:
        1. The person whose life is insured by the related policy or contract;
        2. The person who can, may, or will receive the benefit of that protected insurance item, provided that such person is the insured or owner of the contract, deposit, indemnity, policy, or settlement or the spouse or intended spouse of, a dependent child of, or any other person dependent on, the insured or owner of the contract, deposit, indemnity, policy, or settlement;
        3. The person who owns the related contract, deposit, or policy; or
        4. The person who effected the related contract, deposit, or policy.
    C. The provisions of subsection B shall not apply to any claim by a creditor with respect to a life insurance policy, annuity contract, or deposit with an insurance company that was taken out, made, or assigned in writing for the benefit of the creditor.
    D. Notwithstanding the provisions of subsection B and subject to the applicable statute of limitations, the amount of any premiums or other amounts paid for the related life insurance policy, annuity contract, or deposit with an insurance company that were paid with the intent to defraud creditors, with the interest thereon, shall inure to the benefit of the creditors from the proceeds of the policy, contract, or deposit.
    E. The exemption provided by this section shall not apply to any protected insurance item issued or effected during the six months preceding the date that the person claiming the exemption (i) files a voluntary petition in bankruptcy; (ii) becomes the subject of an order for relief or is declared insolvent in any federal or state bankruptcy or insolvency proceeding; or (iii) files a petition or answer seeking for himself any reorganization,

3

no case whatsoever shall any protected insurance item be liable to execution, attachment, garnishment, or other legal process in favor of any creditor of . . . [t]he person whose life is insured by the related policy or contract; . . . [or] [t]he person who owns the related contract . . . or policy . . . ."

In 2016, the Virginia General Assembly amended § 38.2-3122 and added subsection F.[3] Subsection F specifically states that "[t]he exemption established by this section shall apply to a protected insurance item regardless of whether . . . the right to change the beneficiary thereof is reserved or permitted . . . ." Prior to the 2016 amendment, § 38.2-3122(3) generally protected an "assignee or lawful beneficiary" from the insured's creditors claims to the proceeds of an insurance policy in instances where "[t]he right to change the beneficiary may or may not have been reserved or permitted."

In direct conflict with Va. Code Ann. § 38.2-3122(F), § 38.2-3123 states that "[i]n the case of policies under the terms of which the right to change the beneficiary is reserved and as to which the case surrender or loan value of the

---

arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any statute, law, or regulation.
F. The exemption established by this section shall apply to a protected insurance item regardless of whether (i) the right to change the beneficiary thereof is reserved or permitted or (ii) any of the following persons or any of their estates is a contingent beneficiary thereof:
    1. The person insured by the related life insurance policy;
    2. The person effecting the related life insurance policy or annuity contract;
    3. The annuitant of the related annuity contract; or
    4. The owner of the related life insurance policy or annuity contract.
[3] 2016 Va. Acts Ch. 274 (S.B. 640).

4

policy is claimed by the creditors, the insurance shall not be entitled to the protection afforded by § 38.2-3122." The most recent amendment to this statute occurred in 1990, when the legislature eliminated a householder's right to exempt up to $10,000.00 of the cash surrender value of a life insurance policy pursuant to § 38.2-3122.[4]

The salient portions of §§ 38.2-3122 and 3123 were originally enacted by the Virginia General Assembly in 1986.[5] In 2001, this Court opined that the two statutes, "the second of which not only immediately follows the first, but expressly refers to it - are clearly intended to be read together. Thus, . . . the plain language of § 38.2-3123 precludes any exemption of the cash surrender value or loan value of a policy by a policy holder who has retained the right to change beneficiaries." *In re Watkins*, 267 B.R. 703, 706-07 (Bankr. E.D. Va. 2001).[6]

Legislative history relating to §§ 38.2-3122 and 3123 is scant; however, the 2016 introduction of Senate Bill 640, the proposed amendment to § 38.2-3122,

---

[4] 1990 Va. Acts Ch. 942 (H.B. 533).
[5] 1986 Va. Acts Ch. 562.
[6] Prior to 1990, § 38.2-3123 included the $10,000.00 exemption for householders, although the Court in *Watkins* attributed the $10,000.00 exemption to an earlier statute that was repealed when §§ 38.2-3122 and 3123 were enacted in 1986.
> The decisions in *In re Manicure,* 29 B.R. 248 (Bankr. W.D. Va. 1983) and *In re Redmon,* 31 B.R. 756 (Bankr. E.D. Va. 1983), upon which the debtor relies, involved a predecessor statute, Va. Code Ann. § 38.1-449, which expressly *allowed* a "householder" or "head of household" to exempt the cash surrender value of an insurance policy or policies up to $10,000.00. That statute, however, was repealed effective July 1, 1986, by Acts of Assembly 1986, c. 562, which also enacted the current statutes, Va. Code §§ 38.2-3122 and 38.2-3123. Accordingly, the court can only conclude that § 38.1-3122 does not entitle the debtor to exempt the cash surrender value of the policy.

*In re Watkins*, 267 B.R. 703, 707 (Bankr. E.D. Va. 2001)

5

was accompanied by a summary that is consistent with the language of the amended statute. The summary states that "[t]hese exemptions from creditors' claims apply regardless of whether the right to change the beneficiary thereof is reserved or permitted or the insured person, the annuitant, the owner of the policy or contract, or the person effecting the policy or contract, or any of their estates, is a contingent beneficiary of the policy, contract, or deposit."[7] Although the General Assembly clearly intended to eliminate the restriction on § 38.2-3122 imposed by § 38.2-3123, there is no explanation for why it failed to address § 38.2-3123.[8]

Having been left with a contradiction in the language of the two statutes as a result of the 2016 amendment to § 38.2-3122, the Court must reconcile two conflicting statutes. *In re Watkins* offers no guidance, since it is no longer clear that the statutes are intended to be read together.

Conflicting statutes should be harmonized if possible. *See Boynton v. Kilgore*, 623 S.E. 2d 922, 927 (Va. 2006) ("When faced with apparently conflicting statutes, this Court applies 'a well-established principle of

---

[7] Bill summary for 2016 Va. Senate Bill 640, 2016 Regular Session (Feb. 3, 2016). The summary is significant because it correctly summarizes the language of the amendment and reinforces the intent of the legislature to adopt the substance of the amendment.

[8] One explanation may be that while Title 38.2 of the Virginia Code generally includes provisions relating to insurance, § 38.2-3123 has previously been considered by the General Assembly in conjunction with Title 34, which includes provisions relating to exemptions in property. The 1990 amendment to § 38.2-3123 was accompanied by substantial amendments to numerous provisions of Title 34; § 38.2-3123 was the only insurance statute included, perhaps because the version of the statute existing before 1990 offered limited protection to a "householder." "Householder" is a term defined in § 34-1 and typically found in other provisions of Title 34. The 2016 proposal to amend § 38.2-3122 was not accompanied by proposed amendments to Title 34.

statutory construction. If possible, we must harmonize apparently conflicting statutes to give effect to both.'") (quoting *Phipps v. Liddle,* 593 S.E.2d 193, 195 (Va. 2004)); s*ee also Kirkpatrick v. Bd. of Supervisors,* 136 S.E. 186, 190 (Va. 1926) ("where two statutes are in apparent conflict they should be construed, if reasonably possible, so as to allow both to stand and to give force and effect to each"). As a result of the 2016 amendment to § 38.2-3122, it can no longer be harmonized with § 38.2-3123. The pertinent language of the two statutes cannot be read together in such as way as to eliminate the conflict while at the same time preserving the meaning and effect of both statutes. Because the statutes cannot be harmonized, the Court must turn to other tools of statutory construction, such as an examination of the legislative history and the timing of the enactments.

In this case, the timing of its enactments demonstrates the General Assembly's intent when amending § 38.2-3122, which must have been to eliminate the earlier restrictions imposed by § 38.2-3123. The most recent expression of the General Assembly's intent is reflected by the 2016 amendment to § 38.2-3122. Achievement of that legislative intent can be accomplished only by deeming § 38.2-3123 to have been repealed by implication.[9] Under Virginia principles of statutory construction, the newer

---

[9] "An irreconcilable conflict between the old and new legislation can demonstrate such clear intent to repeal. 'Where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one.'" <u>The Last Best Beef, LLC v. Dudas</u>, 506 F.3d 333, 339 (4th Cir. 2007) quoting <u>Posadas v. Nat'l City Bank of New York,</u> 296 U.S. 497, 503 (1936). *See also* <u>Benrus Watch Co. v. Kirsch</u>, 92 S.E. 2d 384, 388 (Va. 1956) ("There is no way to

law must prevail.  *Gaines' Adm'r v. Marye*, 26 S.E. 511, 513 (Va. 1897) ("If they are inconsistent, and cannot stand together, the original statutes and the respective dates of their enactment may be examined to see what was the last expression of the will of the legislature on the subject.  And this last expression of the legislative will, when ascertained, if it be embodied in the revision, must prevail in construing inconsistent and repugnant parts of the law as revised."); *Bldg. Supplies Corp. V. Willcox*, 284 F. 113, 116 (4th Cir. 1922) ("However that may be, the general rule of law is (and necessarily so) that the provisions contained in the act of latest passage control as indicating the last intention of the Legislature.").

The Trustee has asserted that the language of § 38.2-3123 is more specific than the language of § 38.2-3122 and for that reason its language must prevail.  *See Daniels v. Warden of the Red Onion State Prison*, 588 S.E.2d 382, 384 (2003) ("[W]hen one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the latter prevails.") (citation omitted).  The Trustee is incorrect.  The

---

reconcile the provisions of the two laws.  Both cannot stand.  In that posture the earlier enactment must yield and the later be given effect . . . .  The repeal by implication is not favored, but if inevitable is as effective as is an express statutory mandate.").   *See also* <u>City of Danville v. Ragland</u>, 7 S.E. 2d 121, 124 (Va. 1940) ("While it is true that repeals by implication are not favored, it is well settled that where, as here, an old and a new law are in direct conflict and can not be reconciled, the former is deemed to have been repealed by implication and the more recent expression of legislative intent must prevail.").

8

pertinent language of both statutes is equally specific, and the language of § 38.2-3122(F) implicitly repeals § 38.2-3123.

Allowance of the exemption adheres to the principle that under the Bankruptcy Code and Virginia law, exemption statutes should be liberally construed in favor of the debtor. *See In re Apfel*, 565 B.R. 349, 353 (Bankr. E.D. Va. 2017). Allowing the exemption is also consistent with the expressed purpose of §§ 38.2-3122 and 3123, which is "to confer additional rights, privileges and benefits upon beneficiaries and assignees of policies." Va. Code Ann. § 38.2-3125.[10]

The Debtor's interest in the cash value of the Policy is exempt pursuant to Va. Code Ann. § 38.2-3122, notwithstanding the language of Va. Code Ann. § 38.2-3123. Therefore, the Trustee's objection to the Debtor's exemption will be overruled.[11]

---

[10] "Since the purpose of §§ 38.2-3122 and 38.2-3123 is to confer additional rights, privileges and benefits upon beneficiaries and assignees of policies, no beneficiary or assignee shall by reason of these sections be divested or deprived of or prohibited from exercising or enjoying any right, privilege or benefit that he would have or could exercise or enjoy had §§ 38.2-3122 and 38.2-3123 not been enacted." Va. Code Ann. § 38.2-3125.

[11] On December 28, 2017, a version of a bill to repeal § 38.2-3123 was prefiled in the Virginia Legislature. S.B. 176, Reg. Sess. (Va. 2018). Of note is the fact that the bill's patron is William M. Stanley, Jr., who was also the patron of the 2016 revision to § 38.2-3122. The summary of the bill states:
> Life insurance; claims of creditors. Repeals a provision that excludes, from the protections from claims of creditors that are afforded life insurance policies and annuities, the cash surrender or loan value of a policy under which the right to change the beneficiary is reserved. In 2016, the General Assembly enacted a provision that exempts protected insurance items from the claims of creditors regardless of whether the right to change a beneficiary is reserved or permitted.

A separate order will be entered consistent with this opinion.

Date:  January 10, 2018  /s/ Keith L. Phillips
United States Bankruptcy Judge

Copies:

Entered on Docket:  January 10, 2018

Sharon Lynn Bowman
988 Hockett Road
Manakin Sabot, VA 23103

Robert B. Duke, Jr.
America Law Group Inc.
dba The Debt Law Group
8501 Mayland Drive, Suite 106
Henrico, VA 23294

Christian K. Vogel
Vogel & Cromwell, LLC
8550 Mayland Drive, Suite 204
Richmond, VA 23294

Roy M. Terry, Jr.
Sands Anderson PC
P.O. Box 2188
Richmond, VA 23218